19-1108
*Twelve Sixty LLC v. Viacom Int'l Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

TWELVE SIXTY LLC, ARON MARDEROSIAN,
ROBERT MARDEROSIAN,

    *Plaintiffs-Appellants,*

       v.                                  No. 19-1108

VIACOM INTERNATIONAL INC., ON-SITE
PRODUCTIONS, INC.,

    *Defendants-Appellees.*

_____

FOR PLAINTIFFS-APPELLANTS:        Michael G. Marderosian, Marderosian & Cohen PC, Fresno, CA.

FOR DEFENDANTS-APPELLEES:        Wook Hwang, Loeb & Loeb LLP, New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 27, 2019, is **AFFIRMED**.

Plaintiffs-Appellants Twelve Sixty LLC, Aron Marderosian, and Robert Marderosian (together, "Twelve Sixty") appeal from the judgment of the District Court (Buchwald, *J.*) granting Defendants-Appellees Viacom International Inc. and On-Site Productions, Inc.'s (together, "Viacom") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

According to the complaint, in 2014, Twelve Sixty signed a "Loanout Agreement" (the "Agreement") with Viacom to produce a theme song for the MTV show "Are You the One?" Under the Agreement, in return for writing the theme song, Viacom agreed to pay Twelve Sixty $10,000. App'x 21 ¶ 6(a). Twelve Sixty also retained the right to "receive and retain" the "writer's share" of any "public performance income" ("PPI") the song might produce. App'x 21 ¶ 6(b). In the United States, PPI payments flow from broadcasters to writers via middleman "performing rights organizations" ("PROs"), such as Twelve Sixty's designated PRO under the Agreement, Broadcast Music Inc. ("BMI"). Twelve Sixty alleged that, in order for it to receive PPI, Viacom—as broadcaster—must file "cue sheets" with a PRO indicating when the song was broadcast as part of airings of "Are You the One?" Twelve Sixty further alleged that Viacom has failed to file cue sheets for the complete set of domestic and foreign broadcasts of "Are You the One?" and its spinoffs.

Relying on the implied covenant of good faith and fair dealing, Twelve Sixty argued before the District Court that Viacom has a duty under New York common law to submit cue sheets for foreign and domestic broadcasts. *See, e.g.*, *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389, 663 N.E.2d 289 (1995) (discussing the implied covenant under New York law).

2

The District Court dismissed as moot Twelve Sixty's claims as to domestic broadcasts because, during the litigation, Viacom submitted all unfiled cue sheets for domestic broadcasts. The District Court dismissed Twelve Sixty's claims as to foreign broadcasts because the Agreement discusses only domestic PROs and covers only payments from the domestic PRO BMI. *See Murphy v. Am. Home Prod. Corp.*, 58 N.Y.2d 293, 304, 448 N.E.2d 86, 91 (1983) (explaining that no implied covenant of good faith and fair dealing may be implied if such implied covenant "would be inconsistent with other terms of the contractual relationship"). Reasoning that to imply a covenant to submit cue sheets for foreign broadcasts to foreign PROs would be inconsistent with the text of the Agreement, the District Court determined that Twelve Sixty's claim fell short as a matter of law. Twelve Sixty argues on appeal that the Agreement, read in light of the implied covenant of good faith and fair dealing, does, in fact, require Viacom to submit cue sheets for foreign broadcasts of the song.

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6). *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) ("We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." (internal quotation marks omitted)). Applying this standard, we affirm the dismissal of Twelve Sixty's claims as to foreign broadcasts, substantially for the reasons stated by the District Court in its sound opinion and order.

* * *

We have considered all of Twelve Sixty's remaining arguments and conclude that they are without merit. The District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3